IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AARON K. CARTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 07-386-SLR |
| | ) |
| PERRY PHELPS, Warden, | ) |
| Warden, and ATTORNEY | ) |
| GENERAL OF THE STATE OF | ) |
| DELAWARE, | ) |
| | ) |
| Respondents.[1] | ) |

**O R D E R**

At Wilmington this ⟨⟩ day of March, 2008;

IT IS ORDERED that:

Petitioner Aaron K. Carter's motion for representation by counsel is DENIED without prejudice to renew. (D.I. 17) Petitioner seeks representation by counsel because he is unable to afford counsel, he is unskilled in the law, and he is suffering from an AIDS related illness that prevents him from visiting the law library.

Petitioner has no automatic constitutional or statutory right to representation in a federal habeas proceeding. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); United States v. Roberson, 194 F.3d 408, 415 n.5 (3d Cir. 1999). A court may, however, seek representation by counsel for a petitioner "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [petitioner] resulting . . . from [petitioner's]

---

[1] Warden Perry Phelps assumed office in January 2008, replacing warden Thomas Carroll, an original party to this case. See Fed. R. Civ. P. 25(d)(1).

probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." <u>Tabron v. Grace</u>, 6 F.3d 147, 154 (3d Cir. 1993)(citing <u>Smith-Bey v. Petsock</u>, 741 F.2d 22, 26 (3d Cir. 1984); 18 U.S.C. § 3006A (a)(2)(B)(representation by counsel may be provided when a court determines that the "interests of justice so require").

After reviewing petitioner's motion and the documents filed in the instant proceeding, the court concludes that the "interests of justice" do not warrant representation by counsel at this time. It also does not appear that expert testimony will be necessary or that the ultimate resolution of the petition will depend upon credibility determinations.

_____
UNITED STATES DISTRICT JUDGE