IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AARON CARTER, ) | |
|     Petitioner, ) | |
| v. ) | Civ. Act. No. 07-386-SLR |
| ELIZABETH BURRIS, Acting Warden ) and JOSEPH R. BIDNE III, ) Attorney General for the State ) of Delaware ) | |
|     Respondents. ) | |

FILED JUN 13 2008

PETITIONER'S RESPONSE TO RESPONDENT'S ANSWER

    In petition for federal habeas relief, petitioner raises several claims of erros in state court proceeding. In the first ground states ineffective assistance of counsel and raises different claims in connection with that ground. Petitioner's second and third grounds are "Equal Protection and Due Process Violations" and state additional claims of ineffective assistance of counsel and perceived failure of state courts to take corrective action in response to petitioners concerns. This case is about wheter petitoner is entitled to equitble tolling of the "AEDPA'S" one year limitation period, 28 U.S.C. 2244(d)(1). Petitoner argues that his medical problems were beyond his control and unavoidable such that they constituted extraordinary circumstance justifying the equitable tolling of the "AEDPA'S limitation period.

    In rare cases, the AEDPA'S limitation period can be tolled equitably "when extraordinary circumstance have worked to prevent an otherwise diligent petitioner from timely filing his petition". Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312. The petitioner has stressed that he has shown both extraordinary circumstances and

due diligence in orderr to be entitled to equitable tolling.  See also  Laws v. Lamarque, 351 F.3e 919.  Petitoner has clearly shown external factors that prevend from presenting his claim to the Delaware Supreme Court, he was housed in isolation type setting (Security Housing Unit and Multi Housing Unit) deprived of legal assistance, and lacked knowledge in order to facilitate issues being presented in either Superior or Delaware Supreme Court.  The petitioner has constantly had to depend of assistance from fellow inmates.  The law librarians have made it clear, their duties do not include the assistance of helping inmate in preparing briefs and motions.  Only provide inmates with motions for them to complete.  A procedural default may be excused if the petitioner can demonstrate cause for the default and prejudice thereform, or a fundamental miscarriage of justice.  Coleman v. thompson, 501 U.S. 722.  The petitioner has clearly shown both.

    A federal court may exucse a procedural default if the petitioner cand demonstrate that a failure to review the claim will result in a fundamental miscarriage of justice.  Edwards v. Carpenter, 529 U.S. 446: Wenger, 266 f.3d at 224.  The miscarriage of justice exception applies only in extraodinary cases "where a constitutional violation has probably resulted in the conviction.  As the Court has repeatedly noted, however, the limitation period may be subject to equitable tolling.  See, e.g., Thomas v. Snyder, 2001 WL 1555239 at *3-4 (D.Del).  Equitable tolling, however, applies only where the petitioner "has in some extraordinary way been prevented from asserting his or her rights".  Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616.  Here, petitoner has stated "AIDS" status

explanation for failure to file his habeas corpus petition within the statutory filing period. To this end, equitable tolling has been "spefifically limited " to three situations: "(1) where the defendant (or the court) actively misled the plaintff: (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or (3) where plaitnff asserted his rights mistakely in the wrong forum. Bacon v. Carroll, 2007 U.S. Dist. LEXIS 68877 (D. Del Sept. 17, 2007). Petitioner has offered justification that would warrant eqquitalbe otlling of his more than six hundred day late filing.

We have cautioned, however, that equitable tolling relief should only be granted sparingly...In determing whether euaitable tolling shouyld apply, a court must consider the following five factorss:  (1) the petitioners lack of constructive knowledge; @) the petitioners lack of notice of the filing requirements; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. Dunlap, 250 F.3d at 1008 (citing Andrews v. Orr, 851 F.2d 146. By satisfying the five Andrews factors a petitioner demonstrates good cause for the procedural default.

### Conclusion

For the foregoing reason, the petition for writ of habeas corpus should not be dismissed.

*Aaron Carter*
AARON CARTER, 179415
1181 Paddock Road - DCC
Smyrna, DE  19977

DATED: June 9, 2008

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, copy of the aforemention was furnished Kevin M. Carroll, Deputy Attorney General, Department of Justice, Carvel State Office Building, 820 N. French Street, Wilm, DE 19801.

By U.S. Mail this 9th day of June 2008, with sufficient postage affixed thereto.

*Aaron Carter*
AARON CARTER, 179415

```
I/M  Aaron Carter
SBI# 179415   UNIT  D
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977
```

```
Clerk of the Court
U.S. District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE
              19801
```