IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AARON CARTER, ) )Petitioner, ) )v. ) Civil Action No. 07-386-SLR )PERRY PHELPS, )Warden, and JOSEPH R. )BIDEN, III, Attorney )General of the State of )Delaware, ) )Respondents.¹ ) | |

Aaron Carter. Pro se petitioner.

Kevin M. Carroll, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

July 𝓍𝓍 , 2008
Wilmington, Delaware

---

¹Warden Perry Phelps assumed office in January, 2008, replacing former Acting Warden Elizabeth Burris, an original party to this case. See Fed. R. Civ. P. 25(d)(1).

*[signature]*
**ROBINSON, Judge**

## I. INTRODUCTION

Presently before the court is petitioner Aaron Carter's ("petitioner") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1) Petitioner is a Delaware inmate in custody at the James T. Vaughn Correctional Center[2] in Smyrna, Delaware. For the reasons that follow, the court will dismiss his application as time-barred by the one-year period of limitation prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

In March 2002, a Delaware Superior Court jury convicted petitioner of twelve counts of possession of a firearm during the commission of a felony, three counts of first degree robbery, five counts of second degree kidnaping, three counts of aggravated menacing, one count of second degree conspiracy, and one count of wearing a disguise during the commission of a felony. The Superior Court sentenced petitioner to 57 years of Level V incarceration, followed by probation. See State v. Carter, 2006 WL 1134239 (Del. Mar. 3, 2006). Petitioner appealed, and the Delaware Supreme Court affirmed petitioner's convictions and sentences. See Carter v. State, 808 A.2d 1204 (Table), 2002 WL 31355263 (Del. Oct. 16, 2002).

In September 2005, petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), which the Superior Court denied in part and granted in part on March 3, 2006. See State v. Carter, 2006 WL 1134239 (Del. Mar. 3, 2006). More specifically, the Superior Court vacated petitioner's conviction on one count of aggravated menacing and one count of possession of a

---

[2]Formerly called the Delaware Correctional Center.

firearm during the commission of a felony, and issued a modified sentencing order imposing a sentence of 53 years of Level V incarceration, followed by probation. Id. Petitioner appealed the denial of his Rule 61 motion, but the Delaware Supreme Court affirmed the Superior Court's decision. Carter v. State, 911 A.2d 802 (Table), 2006 WL 3053268 (Del. Oct. 27, 2006).

Petitioner filed his § 2254 application in June 2007, asserting twelve claims for relief. (D.I. 1) In its answer, the State contends that the court should dismiss the application in its entirety for being time-barred. (D.I. 12) The State alternatively argues that the application should be dismissed as procedurally barred. Id.

## III. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and it prescribes a one-year period of limitation for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitation period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, filed in June 2007, is subject to the one-year limitation period contained in § 2244(d)(1). See Lindh v. Murphy, 521 U.S. 320, 336 (1997). Because he does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D), the one-year period of limitation in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final upon expiration of the ninety-day time period allowed for seeking certiorari review. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed petitioner's convictions and sentences on October 16, 2002, and he did not seek certiorari review. Consequently, petitioner's judgment of conviction became final under § 2244(d)(1)(A) on January 14, 2003. Applying the one-year limitation period from this date, petitioner was required to file his application by January 14, 2004. See Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner filed his habeas application on June 10, 2007, approximately three years and six months after the expiration of the limitation period.[3] Therefore, his

---

[3]Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998);

habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). The court will discuss each doctrine in turn.

### B. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitation period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitation period. See Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000); Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). In this case, petitioner filed his Rule 61 motion in September 2005, approximately one year and nine months after the expiration of AEDPA's limitation period. Therefore, his Rule 61 motion has no statutory tolling effect.

### C. Equitable Tolling

The court may also toll AEDPA's limitation period for equitable reasons if the petitioner's case is "the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). The Third Circuit has identified three situations in which equitable tolling may be warranted:

    (1) where the defendant actively misled the plaintiff;
    (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or

---

Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing and, thus, of filing). Petitioner's application is dated June 10, 2007 and, presumably, he could not have delivered it to prison officials for mailing any earlier than that date.

(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum. Jones, 195 F.3d at 159; Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998); Thomas v. Snyder, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). However, equitable tolling is appropriate only if the petitioner demonstrates that he "exercised reasonable diligence in investigating and bringing [the] claims"; mere excusable neglect is insufficient. Miller v. New Jersey State Dept. of Corrs., 145 F.3d 616, 618-19 (3d Cir. 1998); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004).

The record reveals that petitioner waited 1,161 days after the expiration of the limitation period to file the instant application. Therefore, as an initial matter, the court concludes that equitable tolling is not warranted because petitioner has failed to show that he exercised due diligence in pursuing his claims.

Petitioner, however, asserts that his "AIDS status," the difficulties he has encountered as a result of being incarcerated (housing in an "isolation type setting" and relying on other inmates for legal assistance), and his own lack of legal knowledge constitute extraordinary circumstances that should excuse his untimely filing. The court disagrees. First, petitioner only vaguely refers to having AIDS and does not show that this health problem rendered him unable to file a habeas petition or pursue his legal rights within the one-year limitation period. (D.I. 26, at p. 2.); See Millimaci v. Brooks, 2006 WL 3814615, at *4 (W.D. Pa. Dec. 27, 2006)(explaining that a petitioner's illness may equitably toll the limitation period only if the illness actually prevented the petitioner from pursuing his rights during the limitation period). Additionally, routine aspects of prison life which may create difficulties in filing habeas applications do not constitute extraordinary circumstances sufficient to equitably toll the limitation period. See Garrick

5

v. Vaughn, 2003 WL 22331774, at *4 (E.D. Pa. Sept. 5, 2003)(routine conditions of prison life, such as lockdowns or lack of access to legal resources, do not constitute extraordinary circumstances); see also Lora v. United States, 2007 WL 4966776, at *3 (S.D.N.Y. Nov. 21, 2007)(collecting cases). And finally, a pro se petitioner's lack of legal knowledge, or a mistake resulting from the absence of such knowledge, does not constitute an extraordinary circumstance for equitable tolling purposes. See Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). Accordingly, the court will dismiss petitioner's habeas application as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court

erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

The court finds that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.